**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MALCOLM WILLIAMS, )<br>　　Plaintiff, )<br>　v. )<br>　　　　　　　　　　　　　　)<br>CITY OF CHICAGO, )<br>CHICAGO POLICE OFFICER KYLE MINGARI, )<br>(STAR #4733), UNKNOWN CITY OF CHICAGO )<br>POLICE OFFICERS, )<br>　　　　　　　　　　　　　　)<br>　　Defendants. ) | No: 16-cv-2303<br><br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES, Plaintiff, MALCOM WILLIAMS, individually, by and through his attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Malcolm Williams is a United States citizen who resides in the Northern District of Illinois.

1

5. Defendant Chicago Police Officer Kyle Mingari (Star #4733) and unknown Defendant City of Chicago police officers (hereinafter referred to as "Defendant Officers") are present or former employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under the color of law. Defendant Officers are sued in their individual capacity.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of his employment with Defendant City of Chicago.

## BACKGROUND

7. On July 2, 2015, Plaintiff received an alert from his burglary system that a burglary was in progress at his home located at 1461 E. 66th Pl. Chicago IL.

8. Plaintiff contacted the Chicago Police Department to respond to the burglary.

9. Upon arriving at his residence, Plaintiff was immediately approached by two Defendant Officers armed with assault rifles who demanded to know the Plaintiff's identity.

10. Defendant officers ignored Plaintiff's attempt to explain who he was and why he contacted the police.

11. Defendant Officers denied having knowledge of any emergency call for police assistance and instead commanded Plaintiff to enter his residence and followed him inside.

12. Once inside the home, a number of Defendant officers, including but not limited to Defendant Mingari damaged Plaintiff's home and belongings, causing extensive damage to the carpet and floors, doors and various fixtures throughout the residence.

13. After ransacking Plaintiff's home, an Unknown Defendant Officer presented Plaintiff with a search warrant for a man named "Charles" suspected of possessing cocaine.

14. Plaintiff was detained by Defendant Officers in his home for approximately one hour.

15. Plaintiff was not free to leave his home.

16. The Complaint for Search Warrant sworn to by Defendant Mingari stated, in part, that on July 1, 2015, Mingari observed a Registered Confidential Informant exchange U.S. Currency with an individual named "Charles," described as a "male black, 5'9"-5'10", 165-175 lbs., 27-32 years of age, medium complexion short black hair," in exchange for a quantity of crack cocaine at 1461 E. 66th Pl. Chicago IL.

17. Mingari's statement is false.

18. Plaintiff informed Defendant Officers that no individual by the name of Charles, or matching that description currently resides or had recently resided at 1461 E. 66th Pl.

19. Prior to obtaining the search warrant, Mingari found no record of a person named "Charles" at 1461 E. 66th Street.

20. Prior to obtaining the search warrant, Mingari found no record of a black male individual with the residence of 1461 E. 66th Street.

21. Prior to obtaining the search warrant, there was no record of a person

22. In the course of executing the search warrant, Defendant Officers did not recover any cocaine or locate an individual named "Charles."

23. Defendant officers entered Plaintiff's residence without an arrest warrant for Plaintiff, without consent, and without exigent circumstances.

24. Defendant Officers entered Plaintiff's home with a search warrant obtained with false information.

25. As a result of the intrusion and destruction caused by Defendant Officers, Plaintiff incurred property damage, pain and suffering, lost wages and emotional damages.

## COUNT I

### Fourth Amendment – *Franks v. Delaware* violation

26. Plaintiff re-alleges and incorporates all previous paragraphs.

27. Defendant Mingari knew that "Charles" did not live at Plaintiff's address and that cocaine had not been sold out of Plaintiff's home.

28. Defendant Mingari provided false statements of material fact which were included in support of the Complaint for Search Warrant.

29. Defendant Mingari knew or should have known that these statements were false.

30. But for the inclusion of these false statements of material fact, there would have been no basis in law for the issuance of the warrant.

31. The actions of the Defendant Mingari described above, whereby he intentionally or recklessly provided false statements, and misled the judge as to the entire basis for the search warrant, constituted deliberate indifference to Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a result of Defendant Mingari's *Franks* violation, Plaintiff was injured, including the loss of liberty, emotional distress, and anguish.

33. The actions of Defendant Mingari were objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT II

### 42 U.S.C. §1983 – Illegal Search

34. Plaintiff re-alleges and reincorporates all previous paragraphs.

35. As described above, on July 2, 2015, Defendant Officers invaded Plaintiff's privacy by entering his home without any lawful justification and conducting an unreasonable search of his home thus violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

36. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

37. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered property damages and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Officers, jointly and severally for compensatory, punitive damages, reasonable attorneys' fees, costs and expenses and such other additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Unlawful Seizure

38. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

39. Defendant Officers detained Plaintiff by show of force.

40. Defendant Officers did not have a reasonable suspicion or probable cause that Plaintiff was committing a crime when they detained him.

41. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments.

42. As a result, Plaintiff was injured, including loss of liberty and emotional damages.

5

43. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs & attorney's fees and such other additional relief as this court seems equitable and just.

## COUNT IV

### State Claim – Negligent Training and Supervision

44. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

45. At all times relevant to the issues raised in this complaint, the Defendant, City of Chicago, owed a duty of reasonable care in regards to the training and supervision of its police department and employed officers of said police department.

46. On and before the date of the execution of search warrant Defendant City of Chicago breached its duty, as aforesaid, in that it failed to properly train and supervise the individual Defendant Officers in the following manners:

    Proper surveillance techniques
    Proper registration of confidential informants
    Methods of gaining entry into a home
    Methods of searching and securing a home

47. As a direct and proximate result of one or more or a combination of the aforementioned acts and/or omissions of the City in training of the Defendant Officers, the Defendant officers acted willfully and wantonly in regards to their disregard of Plaintiff rights under the 4th Amendment of the United States Constitution.

48. As a direct and proximate result of the aforementioned, the Plaintiff, suffered from a loss of liberty and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant City for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT V

### State Claim – False Imprisonment

49. Plaintiff re-alleges and incorporates all previous paragraphs.

50. On the basis of Defendant Officers' unlawful conduct, Plaintiff was improperly imprisoned without legitimate probable cause, resulting in injury.

51. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

52. As a result of the above-described conduct, Plaintiff was injured, including the loss of liberty, emotional damage, and lost wages.

53. All of the misconduct described in this Complaint was undertaken within the scope of Defendants Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT VI

### State Claim - Intentional Infliction of Emotional Distress

54. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

55. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

7

56. In particular, the conduct of Defendant Officers in providing knowingly false statements to secure a search warrant for the Plaintiff's residence, placed Plaintiff in a state of anxiety, fear, and humiliation and severe emotional distress.

57. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiffs.

58. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

59. Said actions and conduct caused Plaintiff suffering by the blatant lying and intrusion into his home without any lawful basis.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT VII
**Indemnity Claim - 745 ILCS 10/9-102 Against City of Chicago**

60. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

61. Defendant City of Chicago is the employer of Defendant Officers.

62. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

63. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

64. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

8

WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, attorney's fees, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VIII
*Respondeat Superior* Liability Against City of Chicago
for State Law Claims Against Defendant Officers

65. Plaintiff re-alleges and incorporates all previous paragraphs.

66. Defendant City of Chicago is the employer of Defendant Officers.

67. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

68. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

69. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant City for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
Malcolm Williams
By One of HIS Attorneys:
s/Mary J. Grieb
Mary J. Grieb
The Shiller Preyar Law Offices
601 S. California
Chicago IL 60612
(312) 226-4590

9